NEGRONI, PLAINTIFF AND APPELLANT, *v.* COLLAZO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action for Divorce.

No. 1701.—Decided January 28, 1918.

DIVORCE—ABANDONMENT—SEPARATION.—A firm and steadfast determination on the part of one of the spouses not to live with the other and comply with the duties imposed by the natural and civil law and persisted in for more than one year, is what constitutes abandonment, which is included in section 164 of the Civil Code as one of the grounds for divorce. A mere separation with the consent and even with the desire of the other spouse can not constitute abandonment. An indispensable element of abandonment is the nolition of the other spouse.

The facts are stated in the opinion.
*Mr. José de J. Esteves* for the appellant.
*Mr. Juan B. Soto* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Aguadilla of April 7, 1917, dismissing a complaint filed in an action for divorce brought by Rafael Negroni Sánchez against his lawful wife, Juana Collazo y Martí.

The complaint alleges abandonment of the husband by the wife for more than one year and cruelty by the latter towards the former.

The court found that in the month of January, 1914, the said spouses lived in Islote ward of Arecibo, where the plaintiff was employed as foreman in a section of the Plazuela Sugar Company known as El Caño de Tiburones; that on account of previous quarrels the defendant, on January 13, 1914, abandoned the home of the said spouses in a house belonging to the Plazuela Sugar Company at the said place and took the greater part of the furniture with her to another house of the said company occupied by Guillermo Gracia, the head foreman of the said section, where she resided for some months; that Guillermo Gracia, at the request of the plaintiff, intervened unsuccessfully for the purpose of bringing about a reconciliation between the said spouses, but the plaintiff made no personal effort to attain this object; that later the defendant obtained employment as schoolteacher at Barceloneta in order to provide for her necessities and afterwards went to Aguada to live with her family, where she has been employed as teacher up to the present time; that she has repeatedly sought reconciliation with her husband, but without success, and that she is now willing to live with him as his wife.

As ground for his appeal the appellant contends in substance that the court erred in weighing the evidence.

We have reviewed all the evidence examined at the trial and that of the defendant tends to show that in abandoning the home where she lived with her husband she did so at his instigation and by reason of his threats, and that even after this and while she was living in Barceloneta, where she was employed as school-teacher, on one occasion when the spouses met at the Caño de Tiburones her husband said to her in a loud and angry tone that she was impudent and that he did not wish to see her again.

The firm and decided determination of one of the spouses

not to live with the other and comply with the duties imposed by the natural and civil law, persisted in for more than one year, constitutes the abandonment specified by subdivision 5 of section 164 of the Civil Code as a ground for divorce. Mere separation with the consent or even at the desire of one spouse cannot be considered as abandonment. An indispensable requisite of abandonment is the nolition of the other spouse. *Girot* v. *Crispín*, 23 P. R. R. 764.

It does not appear that the abandonment of the plaintiff by the defendant was due to the firm and decided determination of the latter not to live with the former, but was caused by the instigations and threats of the former. In such circumstances it was rather the husband who abandoned the wife.

It is true that after the wife had left her husband the latter endeavored to induce her to return to him, but that endeavor was not sustained, for upon meeting her later he said to her that he did not wish to see her again.

As the court found the facts to be against the plaintiff and in favor of the defendant, any conflict in the evidence must be considered as decided in favor of the judgment.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.